# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JASON K. VAN BUREN,**

        **Petitioner,**

        **v.**                                       **Case No. 09-C-103**

**WILLIAM POLLARD,**

        **Respondent.**

## DECISION AND ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS

### I. PROCEDURAL HISTORY

On January 30, 2009, proceeding with the assistance of counsel, Jason K. Van Buren ("Van Buren"), a person incarcerated pursuant to the judgment of a state court, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1.) Chief Judge Rudolph T. Randa screened this petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases and ordered the respondent to answer the petition. (Docket No. 3.) On March 25, 2009 the respondent answered the petition, (Docket No. 20), and on April 26, 2009, Van Buren replied, (Docket No. 41). Upon all parties consenting to the full jurisdiction of a magistrate judge, this case was transferred to this court for all further proceedings. (Docket No. 12.) The pleadings on Van Buren's petition are closed and the matter is ready for resolution.

On May 11, 2005, following a jury trial, Van Buren was convicted of Repeated First Degree Sexual Assault of a Child, Selling Harmful Material to a Child (the Judgment of Conviction (Docket No. 21 at 36), refers to "selling" but other relevant documents such as the complaint,

(Docket No. 21 at 70), information, (Docket No. 22 at 42), and verdict, (Docket No. 23 at 3) refer to "Exposing a Child to Harmful Material;" the distinction appears to be one without consequence because both "selling" and "exposing" are prohibited by the same statutory provision, Wis. Stat. § 948.11(2)(a)), and Possession of Child Pornography in Washington County Circuit Court. (Docket No. 21 at 34-38); Washington County Case No. 2004CF000358, available at http://wcca.wicourts.gov.

Van Buren was sentenced to twenty-five years in prison to be followed by twenty years of extended supervision for the repeated sexual assault of a child charge. Sentence was withheld on the remaining counts, with 3 years of probation ordered for each count, to be served consecutive to his term of imprisonment. Van Buren appealed and on January 3, 2008, the court of appeals affirmed the circuit court. 2008 WI App 26, 307 Wis. 2d 447, 746 N.W.2d 545. On June 10, 2008, the Wisconsin Supreme Court denied his request for review. (Docket No. 21 at 69.) Van Buren did not seek review by the United States Supreme Court. (Docket No. 1 at 4.)

Van Buren seeks relief on two grounds. First, he alleges that his trial counsel was ineffective for failing to retain and present the testimony of an expert regarding false confessions. Second, he alleges that the evidence was insufficient to convict him of possession of child pornography because there was no evidence that the persons depicted in the photographs were real children. The court shall address each of these in turn.

## II. STANDARDS OF REVIEW

> Under the Antiterrorism and Effective Death Penalty Act (AEDPA), [a federal court] may grant a petition for habeas relief from a state court judgment only in one of two limited circumstances: if the state court decision (1) was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Smith v. Grams, 565 F.3d 1037, 1043 (7th Cir. 2009).

The court shall presume that the state court's factual determinations are correct, and the petitioner may rebut this presumption only be clear and convincing evidence. Id. (citing § 2254(e)(1)). The petitioner "bears the burden of showing that the state court's finding of fact or its application of federal law was not only erroneous, but unreasonable." Id. (citing Waddington v. Sarausad, 129 S. Ct. 823, 831 (2009); Sturgeon v. Chandler, 552 F.3d 604, 609 (7th Cir. 2009)). Under the "unreasonable application" prong of (d)(1), it is not enough for the federal court to simply disagree with the conclusion of the state court; the state court's application of Supreme Court precedent must be so erroneous as to be objectively unreasonable. Middleton v. McNeil, 541 U.S. 433, 436 (2004); Yarborough v. Gentry, 540 U.S. 1, 5 (2003).

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

The most significant evidence against Van Buren was the statement and testimony of the victim and Van Buren's own confession. After Van Buren's attorney's efforts to suppress his confession proved unsuccessful, Van Buren contends that his attorney should have sought to introduce the testimony of an expert on false confessions. The core of Van Buren's defense was that both his and the victim's statements were false. At the post-conviction Machner hearing, see State v. Machner, 92 Wis. 2d 797, 285 N.W.2d 905 (Ct. App. 1979), Van Buren presented the testimony of a psychologist with expertise in false confessions wherein he outlined the factors that might make a false confession more likely; the expert did not express an opinion as to whether or not Van Buren's confession was false.

A petitioner seeking relief pursuant to 28 U.S.C. § 2254 due to an alleged denial of the effective assistance of counsel must demonstrate that the state court's decision on this issue was contrary to or involved an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984). Wright v. Van Patten, 128 S. Ct. 743 (2008) (per curiam). Under Strickland, a petitioner is entitled to relief only if he can prove the following two elements. Goodman v. Bertrand, 467 F.3d

3

1022, 1027 (7th Cir. 2006). First, the petitioner must prove that his counsel's performance was unreasonable. In assessing the reasonableness of counsel's performance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," Raygoza v. Hulick, 474 F.3d 958, 962 (7th Cir. 2007) (quoting Strickland, 466 U.S. at 689). A court assessing the reasonableness of an attorney's performance must be cautious not to view counsel with the distorted perspective offered by hindsight; rather, every effort must be made to evaluate an attorney's performance from the perspective of counsel at the time. Strickland, 466 U.S. at 689. An attorney's actions do not become unreasonable simply because they proved unsuccessful. Id.

Second, the petitioner must prove that this unreasonable conduct prejudiced his defense. It is not enough for petitioner to show that the attorney's error had "some conceivable effect on the outcome." Raygoza, 474 F.3d at 962-63 (quoting Strickland, 466 U.S. at 693). But on the opposite side, it is not necessary for the petitioner to demonstrate that the error more likely than not altered the outcome of the case. Id. Rather, the petitioner must demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. (quoting Strickland, 466 U.S. at 694).

The court of appeals determined that Van Buren's trial counsel's performance did not fall below prevailing professional norms because there is only one instance in the past 50 years where a court in Wisconsin has allowed such expert testimony. 2008 WI App 26, ¶19, 307 Wis. 2d 447, 746 N.W.2d 545.

This court is unable to conclude that the decision of the Wisconsin Court of Appeals was contrary to or involved an unreasonable application of Strickland. Aside from the fact that it unclear whether such testimony would have been admissible in Van Buren's case, if introduction of expert

4

testimony in a case where there was an allegation of a false confession was the established professional norm, surely there would have been a record of it having occurred more than once in the last half-century.

There is no prevailing professional norm requiring that a defense attorney present the testimony of an expert every time a defendant alleges that his confession is false. Rather, there are a variety of ways in which an attorney may reasonably present this argument before the jury. And Van Buren's attorney did so. Upon direct examination, Van Buren's attorney asked him reasonable and appropriate questions, such as if Van Buren felt threatened during the interview, (Docket No. 34 at 132), if he was frightened by the detective, (Docket No. 34 at 132), why did he change his statement, (Docket No. 34 at 133), was he informed of his Miranda rights, (Docket No. 34 at 134), did he request an attorney, (Docket No. 34 at 134-35), and elicited the fact that that he vomited at the end of the interview, (Docket No. 35 at 14-15). Further, in an effort to demonstrate that Van Buren's confession was false, during his closing argument Van Buren's attorney emphasized inconsistencies between Van Buren's and the victim's statements where Van Buren stated he engaged in certain sexual acts that the victim had denied. (Docket No. 35 at 108-10.) The record demonstrates that Van Buren's attorney performed reasonably, and accordingly, Van Buren is not entitled to relief on this ground.

## IV. SUFFICIENCY OF THE EVIDENCE

Van Buren contends that the evidence presented to convict him of possession of child pornography was insufficient because the government did not present any evidence that the persons depicted in the pornographic images were actual children. In support of this argument Van Buren relies upon Ashcroft v. Free Speech Coalition, 535 U.S. 234 (2002), wherein the Court held that the United States' ban on "virtual" child pornography, i.e. child pornography created without actual children, was overbroad and unconstitutional.

The court of appeals rejected Van Buren's argument, noting that virtual child pornography is not covered by Wisconsin's child pornography statute. 2008 WI App 26, ¶8, 307 Wis. 2d 447, 746 N.W.2d 545. Rather, by prohibiting possession of child pornography only when "[t]he person knows or reasonably should know that the child engaged in sexually explicit conduct has not attained the age of 18 years," the statute's plain terms necessarily limited it to actual children. Id. Relying upon United States v. Rodriguez-Pacheco, 475 F.3d 434 (1st Cir. 2007), the court held that Free Speech Coalition did not create a requirement that the government must present the testimony of an expert to prove that the images depict actual children. 2008 WI App 26, ¶12, 307 Wis. 2d 447, 746 N.W.2d 545. The court found that the jury could reasonably conclude that the photographs depicted actual children by simply viewing them, and thus there was sufficient evidence to sustain Van Buren's conviction. 2008 WI App 26, ¶14, 307 Wis. 2d 447, 746 N.W.2d 545.

This court is unable to conclude that the decision of the Wisconsin Court of Appeals was contrary to or involved an unreasonable application of Free Speech Coalition or the relevant Supreme Court precedent regarding the question of whether the evidence was sufficient under the Due Process Clause to sustain Van Buren's conviction for possession of child pornography, see Jackson v. Virginia, 443 U.S. 307, 315 (1979) (quoting In re Winship, 397 US 358, 364 (1970)).

By its plain terms, Wisconsin's child pornography statute prohibits the possession of only actual child pornography; virtual child pornography is not covered by the statute. Van Buren appears to contend that Free Speech Coalition imposed upon the government the burden to prove that an actual child is depicted in the child pornography, either through expert testimony or by identifying the actual child depicted in an image of child pornography.

Recently, the Seventh Circuit has weighed in on this precise question and held, as has every other federal court of appeals that has addressed this question, that Free Speech Coalition did not establish a requirement that the government must present any evidence other than the images

6

themselves to be able to prove beyond a reasonable doubt that the images depict real children. United States v. Lacey, 569 F.3d 319, 325 (7th Cir. 2009) (citing United States v. Rodriguez-Pacheco, 475 F.3d 434, 441-42 (1st Cir. 2007); United States v. Salcido, 506 F.3d 729, 733-34 (9th Cir. 2007) (per curiam); United States v. Irving, 452 F.3d 110, 120-22 (2d Cir. 2006); United States v. Farrelly, 389 F.3d 649, 654 (6th Cir. 2004), abrogated on other grounds by United States v. Williams, 411 F.3d 675, 677 n.1 (6th Cir. 2005); United States v. Slanina, 359 F.3d 356, 357 (5th Cir. 2004) (per curiam); United States v. Deaton, 328 F.3d 454, 456 (8th Cir. 2003) (per curiam); United States v. Hall, 312 F.3d 1250, 1260 (11th Cir. 2002)); see also United States v. Kimler, 335 F.3d 1132, 1142 (10th Cir. 2003) ("Free Speech Coalition, did not establish a broad, categorical requirement that, in every case on the subject, absent direct evidence of identity, an expert must testify that the unlawful image is of a real child.").

It remains the government's burden to prove all elements of a charged crime beyond a reasonable doubt. In the case of child pornography, this includes the element that the images depict a real child. However, in the ordinary case the pictures shall speak for themselves. The jury is entirely capable of determining whether the alleged child pornography depicts an actual child. See Kimler, 335 F.3d at 1142; Deaton, 328 F.3d at 455.

At trial Van Buren never even suggested that the images might not depict actual children. To the contrary, Van Buren testified that he "knew the files were child porn, and the children in the pictures were under age." (Docket No. 35 at 3.) Thus, this court finds no merit in Van Buren's claim that the evidence was insufficient to sustain his conviction for possession of child pornography.

7

**IT IS THEREFORE ORDERED** that Van Buren's petition for a writ of habeas corpus is **denied**. The Clerk shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 14th day of October, 2009.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge
