# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JASON K. VAN BUREN,**

      **Petitioner,**

      v.                                     **Case No. 09-C-103**

**WILLIAM POLLARD,**

      **Respondent.**

## ORDER DENYING CERTIFICATE OF APPEALABILITY

On January 30, 2009, Jason K. Van Buren ("Van Buren") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1.) The respondent was ordered to answer the petition, (Docket No. 3) and following all parties consenting to the full jurisdiction of a magistrate judge, (Docket No. 12), on October 14, 2009, this court denied Van Buren's petition, (Docket No. 42). Judgment was entered accordingly. (Docket No. 43.) On November 11, 2009, Van Buren filed a notice of appeal, (Docket No. 44), and requested a certificate of appealability ("COA"), (Docket No. 46).

Van Buren seeks a COA with respect to both of the claims he raised in his petition:

(1) His trial counsel was ineffective for failing to retain and present an expert on false confessions; and

(2) The evidence was insufficient to establish that the images depicted actual children as opposed to virtual children.

To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that)

> the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. . . .
>
> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."

Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (internal quotation marks and citation omitted).

Van Buren first contends that the fact that the court ordered the respondent to answer the petition is indicative that the issues raised were not frivolous, so that Van Buren is entitled to a certificate of appealability. (Docket No. 46 at 2.) This contention overstates the standard for Rule 4. Under Rule 4 of the Rules Governing Section 2254 Cases, the reviewing court must order the respondent to answer the petition unless "it plainly appears from the petition and any attached exhibits that the petition is not entitled to relief in the district court." Rule 4 is aimed at ensuring that plainly frivolous petitions do not proceed; accordingly, it imposes a very low standard for petitioners to meet in order to proceed. As discussed above, the standard for a COA is substantially higher. It obviously is far lower than the standard a petitioner must meet to obtain relief in federal court but substantially more than a lack of frivolity is required to obtain a COA.

As for the merits of Van Buren's request, the court finds that jurists of reason would not find this court's assessment of the constitutional claims debatable or wrong. As this court stated in its decision and order denying Van Buren's petition, there is nothing to suggest that under the circumstances presented it was objectively unreasonable for Van Buren's trial counsel to forego retaining an expert on false confessions.

The court has not identified any case suggesting that a failure to retain an expert on false confessions is objectively unreasonable. In fact, there is only one case in the past 50 years of Wisconsin case law in which expert testimony regarding false confessions was allowed and thus, as this court noted, if there was a prevailing professional norm to introduce such evidence, given the

frequency with which false confession claims are made, there surely would have been more case law on the matter. The record demonstrates that Van Buren's trial counsel reasonably presented the issue to the jury, and thus the court no reason to suspect that jurists of reason would find debatable this court's conclusion that to forego retaining an expert was not objectively unreasonable.

With respect to Van Buren's argument regarding the sufficiency of the evidence, the evidence introduced at trial, notably the images themselves and the defendant's own testimony, provided an ample basis upon which the jury could reasonably conclude that the images depicted actual children.

**IT IS THEREFORE ORDERED** that Van Buren's request for a certificate of appealability, (Docket No. 46), is **denied**.

Dated at Milwaukee, Wisconsin this 12th day of November 2009.

s/AARON E. GOODSTEIN<br>
U.S. Magistrate Judge